**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAYMOND GIUSTINIANI,
ROSE HUKINS, and THE
FLORIDA ASSOCIATION
OF THE DEAF, INC.

      Plaintiffs,

      v.                                    Case No. 3:11-cv-792-J-37MCR

FLORIDA DEPARTMENT OF
FINANCIAL SERVICES, CHIEF
FINANCIAL OFFICER JEFF ATWATER,
In his official capacity, HUMANA INSURANCE
CO., THE HUMANA PLAN, INC., and
KEVIN M. McCARTY, COMMISSIONER
OF INSURANCE, in his official capacity as
head of THE OFFICE OF INSURANCE
REGULATION

      Defendants.

_____/

<u>FLORIDA DEPARTMENT OF FINANCIAL SERVICES' AND CHIEF FINANCIAL
OFFICER JEFF ATWATER'S REQUEST TO BE EXCUSED FROM MEDIATION</u>

      Defendants Jeff Atwater, in his official capacity as Chief Financial Officer of The

State of Florida, and the Florida Department of Financial Services, hereby respectfully

request the court to excuse them from attending mediation in this cause, now set for

February 10, 2012, showing:

      1.    The Chief Financial Officer is a member of the Florida Cabinet, created by

Article IV, Section 4 of the Florida Constitution. Pursuant to section 20.121, Fla. Stat.,

the Chief Financial Officer is also the head of the Department of Financial Services.

Both are executive branch positions, and have those powers and duties prescribed by the Florida Constitution and state statute.

2. The Chief Financial Officer has no power or authority to enhance, modify or compromise, or circumscribe the powers granted that position by the Florida Constitution or the state legislature.

3. The Chief Financial Officer has no power or authority to grant the relief sought by the Plaintiffs in the instant action, which, as the pleadings and the deposition testimony of Plaintiff Giustiniani shows, is the provision of sign language interpreters when they seek medical services from medical service providers within a Medicare medical program. The Chief Financial Officer and the Department of Financial Services do not license insurance companies, doctors, HMO's or Medicare service providers, and thus have no authority to require those entities to provide the services demanded by the Plaintiffs, nor can they authorize the expenditure of state funds to provide that service; only the state legislature could authorize such an expenditure through its appropriation process. *Art VII, Sec. 1(c), Fla. Const.* (1968)

4. Accordingly, it would be pointless and a waste of the taxpayers' money to require the Chief Financial Officer and the Department to participate in the scheduled mediation when they cannot in any way contribute to any settlement arrangements that might be reached between the Plaintiffs and the Humana defendant.

WHEREFORE, it is prayed that the court enter an order releasing the Chief Financial Officer and the Department of Financial Services from participation in the scheduled mediation, and for such other relief as the law may afford.

2

Respectfully submitted,

Michael H. Davidson
Fla. Bar No. 191637
200 E. Gaines Street, 612 Larson Bldg.
Tallahassee, Fl. 32399
(850) 413-4178
michael.davidson@myfloridacfo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was forwarded to Sharon Caserta Jacksonville Area legal Aid, Inc., Marc Charmatz and Debra Patkin, National Association For the Deaf by electronic transmission to Sharon.caserta@jaxlegalaid.org,, lynn.dyrsdale@jaxlegalaid.org, marc.charmatz@nad.org, and debra.patkin@nad.org, and to eric.Holshouser eric.holshouser@fowlerwhile.com and Michael Lufkin michael.lufkin@fowlerwhite.com  this 23rd day of January, 2012.

3