IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND GIUSTINIANI, ET AL.,

    Plaintiffs,

v.

                                      Case No.  3:11-cv-00792-RBD-MCR

FLORIDA DEPARTMENT OF FINANCIAL
SERVICES, ET AL.,

    Defendants.
_____/

**DEFENDANT McCARTY'S MOTION TO
TO BE RELIEVED OF THE OBLIGATION TO MEDIATE**

Defendant, KEVIN M. McCARTY, in this Official Capacity as Commissioner of the FLORIDA OFFICE OF INSURANCE REGULATION, (hereinafter "the Office"), respectfully moves this Court to relieve the Office of the obligation to mediate this dispute with Plaintiffs, RAYMOND GIUSTINIANI, ROSE HUKINS, and FLORIDA ASSOCIATION OF THE DEAF, INC. (collectively "Plaintiffs")  In support thereof, the Office states:

    1.    The Office is an executive agency of the State of Florida, that operates under the direction of the Financial Services Commission, which is composed of the Governor and Cabinet.  §20.121(3)a.1., Fla. Stat. (2011).[1]

---

[1] All Florida statutory citations are to the 2011 version of the statutes.

2. As an agency within the executive branch of government, the Office may only implement those programs authorized and powers granted by the legislature. §§20.02; 624.05(3), Fla. Stat.

3. The scope of the Office's regulatory authority extends only to those matters encompassed in the Florida Insurance Code, Title XXXVII, Florida Statutes, or those otherwise specified by law. §§ 624.307(1), (3), (5) Fla. Stat.

4. Based on a reading of the Plaintiffs' Amended Complaint (Doc. 15), they seek to force the Office to mandate compliance with the Americans with Disabilities Act ("ADA") by insurance companies, and in this case, health maintenance organizations ("HMOs). Concomitant with such authority would be the authority to sanction licensees for failure to comply with the ADA. See Doc. 15 (Request for Relief), pp. 19-20.

5. No statutory provision exists that authorizes the Office to enforce the ADA, or any other federal law for that matter. Likewise, the Office cannot take action against licensees for such violations.

6. Plaintiffs seek to expand the Office's statutory authority without legislative action, or an increase in its budget to carry out such regulation of licensees for enforcement of ADA violations.

7. The Office's participation in mediation would be futile because neither the Office nor the Financial Services Commission can voluntarily expand the Office's statutory authority. Simply, the Office cannot bargain with Plaintiffs for an expanded statutory role without legislative authority. No such authority exists.

WHEREFORE, the Office respectfully moves this Court to excuse its participation in mediation now scheduled for February 10, 2012, because the Office can provide no concession that would be satisfactory to the Plaintiffs.

### CERTIFICATE OF CONFERENCE WITH COUNSEL

The Office hereby certifies that it has conferred with counsel for Plaintiffs and counsel opposes this motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: (None.)

/s/ C. Timothy Gray
C. TIMOTHY GRAY (FBN 0602345),
Assistant General Counsel
Office of Insurance Regulation
Larson Building, Room 647-B
200 East Gaines Street
Tallahassee, FL 32399-4206
(850) 413-2122 – Telephone
(850) 922-2543 – Facsimile
tim.gray@floir.com – E-mail

ATTORNEY FOR Kevin M. McCarty in his Official Capacity as Commissioner of the Florida Office of Insurance Regulation.