# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**RAYMOND GIUSTINIANI, ROSE HUKINS, and THE FLORIDA ASSOCIATION OF THE DEAF, INC.,**

      **Plaintiffs,**

-vs-                                        Case No. 3:11-cv-792-J-37MCR

**FLORIDA DEPARTMENT OF FINANCIAL SERVICES, CHIEF FINANCIAL OFFICER JEFF ATWATER, in his official capacity, HUMANA INSURANCE CO., THE HUMANA MEDICAL PLAN, INC., and KEVIN M. McCARTY, COMMISSIONER OF INSURANCE, in his official capacity as head of THE OFFICE OF INSURANCE REGULATION,**

      **Defendants.**

_____/

## ORDER

This cause comes before the Court on:

1. Defendants Florida Department of Financial Services' and Chief Financial Officer Jeff Atwater's Motion to Dismiss First Amended Complaint (Doc. No. 19), filed on October 5, 2011;

2. Defendants Humana Insurance Company's and The Humana Medical Plan, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint and Incorporated Memorandum of Law (Doc. No. 22), filed on October 7, 2011;

3. Defendant Kevin M. McCarty's Motion to Dismiss First Amended Complaint and Memorandum of Law in Support Thereof (Doc. No. 25), filed on October 17, 2011;

4. Defendants Florida Department of Financial Services' and Chief Financial Officer Jeff Atwater's Request for Oral Argument on Motion to Dismiss (Doc. No. 39), filed on November 22, 2011;

5. Defendant Kevin M. McCarty's Request for Oral Argument on Motions to Dismiss (Doc. No. 40), filed on November 22, 2011;

6. Defendants Florida Department of Financial Services' and Chief Financial Officer Jeff Atwater's Request to Take Judicial Notice (Doc. No. 47), filed on December 2, 2011;

7. Defendant Kevin M. McCarty's Notice of Supplemental Authority (Doc. No. 50), filed on December 6, 2011;

8. Plaintiffs' Notice of Supplemental Authority (Doc. No. 57), filed on January 6, 2012;

9. Defendants Florida Department of Financial Services' and Chief Financial Officer Jeff Atwater's Request to be Excused From Mediation (Doc. No. 59), filed on January 23, 2012; and,

10. Defendant Kevin M. McCarty's Motion to be Relieved of the Obligation to Mediate (Doc. No. 63), filed on February 1, 2012.

**DISCUSSION**

### A.     *Motions to Dismiss First Amended Complaint*[1]

On September 19, 2011, Plaintiffs Raymond Giustiniani (Mr. Giustiniani"), Rose Hukins ("Ms. Hukins"), and the Florida Association of the Deaf, Inc. ("FAD") filed a three-count Amended Complaint (Doc. No. 15) alleging violations of Title II and Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973.  Plaintiffs lodge the complaint against Defendants Florida Department of Financial Services ("DFS"), Chief Financial Officer Jeff Atwater ("CFO Atwater"), Humana Insurance Company ("Humana"), The Humana Medical Plan, Inc. ("Humana Medical"), and Kevin M. McCarty, Commissioner of Insurance for the Office of Insurance Regulation ("Commissioner McCarty").  In all three motions to dismiss (Doc. Nos. 19, 22, and 25), Defendants submit that the Amended Complaint is a "shotgun pleading" and that it should be stricken by the Court.  Upon  review, the Court finds that the Amended Complaint indeed constitutes an impermissible "shotgun pleading."

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295

---

[1] The Court reserves ruling on the substantive arguments made in Defendants' motions.  In accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants may renew their arguments at a later appropriate time.

(11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. *See id.* Here, counts one, two, and three of the Amended Complaint incorporate by reference all allegations of each of the preceding paragraphs. (*See generally* Doc. No. 15.)

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see Cook v. Randolph Cnty.*, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the court in *Cramer* recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." 117 F.3d at 1263. When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. *See id.* (admonishing district court for not striking shotgun complaint on its own initiative); *see also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)). Therefore, the Court **GRANTS IN PART** Defendants' Motions to Dismiss and **STRIKES** the Amended Complaint. In light of the Court's ruling, the Requests for Oral Argument (Doc. Nos. 39 and 40), which the Court construes as motions, are **DENIED as MOOT**.

    **B.**    **Request to Take Judicial Notice**

On December 2, 2011, Defendants DFS and CFO Atwater moved the Court to take judicial notice of the following decisions of various courts:

a. *Tyler v. City of Manhattan*, 849 F. Supp. 1429 (D. Kan. 1994);

b. *Printz v. United States*, 521 U.S. 898 (1998);

c. *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.*, 452 U.S. 264 (1981); and,

d. *Fed. Energy Regulatory Comm'n v. Mississippi*, 456 U.S. 742 (1982).

Plaintiffs oppose this request to the extent that Defendants seek anything more than a judicial notice of the existence of these cases and the related filings. (*See generally* Doc. No. 54.) The Court agrees.

Pursuant to Fed. R. Evid. 201(b), the Court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." It is unclear whether Defendants DFS and CFO Atwater move the Court to take judicial notice of the mere fact that the above-listed cases and/or opinions exist or to take judicial notice of the courts' underlying findings of law and fact. Furthermore, it is unclear to what extent the above-listed opinions are applicable in this case.

Whatever Defendants' purpose may be, the Court takes judicial notice of the orders and opinions issued in other courts only to establish the fact of such litigation and related filings, not for the truth of the matters asserted in the other cases. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (stating that "a court may take notice of another court's order only for the limited

-5-

purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation").[2]

### C. Notices of Supplemental Authority

Both sides filed Notices of Supplemental Authority. (*See* Doc. Nos. 50 and 57.) Plaintiffs filed a response to Commissioner McCarty's Notice, which they construed as a request to take judicial notice. Plaintiffs set forth essentially the same arguments as previously submitted in response to DFS' and CFO Atwater's request to take judicial notice. (*See* Doc. No. 54.) To the extent Commissioner McCarty seeks the Court to take judicial notice of the two cases submitted as supplemental authority, the Court's findings in Part B *supra* also apply here.

Plaintiffs additionally argue that Commissioner McCarty's Notice is an improper reply or further memorandum filed in support of his motion to dismiss. (Doc. No. 56, pp. 1-3.) Because the Court strikes the Amended Complaint on shotgun pleading grounds, the Court need not decide this issue here. However, to the extent that the Notice is a masked reply or further memorandum, the Court advises the parties of the Middle District of Florida Local Rule 3.01(c), which prohibits parties from filing any reply or further memorandum directed to a motion or a response unless the Court grants leave. Any filing in violation of a local rule of this Court will be stricken.

### D. Motions to be Excused From Mediation

---

[2] Moreover, any facts concerning parties not privy to the present action are not adjudicative facts. *See* Fed. R. Evid. 201 advisory committee's note (noting that adjudicative facts are those facts "which relate to the parties").

Defendants DFS, CFO Atwater, and Commissioner McCarty request that the Court excuse them from attending mediation scheduled for February 10, 2012. (*See* Doc. Nos. 59 and 63.) Defendants' arguments demonstrate their inability to decipher which claims and facts are alleged against them individually, thereby leaving them debilitated from effectively preparing their defense and from determining whether one has authority to settle those claims.

As the Court hereby strikes the operative complaint in this action, the mediation scheduled for February 10, 2012 will necessarily have to be postponed. Should Plaintiffs timely file a Second Amended Complaint, the parties are reminded that the mediation deadline, as ordered in the Court's Case Management and Scheduling Order (Doc. No. 60), is April 27, 2012. Additionally, Defendants CFO Atwater and Commissioner McCarty need not personally appear at any scheduled mediation if an appropriate designee with the requisite authority to mediate the matter fully appears. Motions to be excused from mediation are **DENIED as MOOT**.

## CONCLUSION

In light of the foregoing, it is **ORDERED**:

1.      Plaintiffs' Amended Complaint (Doc. No. 15), filed on August 19, 2011, is **STRICKEN**. Plaintiffs shall file a second amended complaint consistent with the directives of this Order on or before **February 22, 2012**.[3]  Failure to do so may result in a dismissal of this action.

---

[3] The Court is compelled to note, and Plaintiffs should be mindful, that a suit against a state official in his or her official capacity is in effect a suit against the public entity, because the real party in interest in an official capacity suit is the government entity. *See Smith v. Rainey*, 747 F. Supp. 2d 1327, 1346 (M.D. Fla. 2010). Thus, there is no justification for allowing Plaintiffs to assert claims against CFO Atwater in his official capacity in addition to the same claims being alleged against DFS itself.

Defendants shall respond to the second amended complaint in accordance with the requirements of Rule 15(a)(3) of the Federal Rules of Civil Procedure.

2. Defendants Florida Department of Financial Services' and Chief Financial Officer Jeff Atwater's Motion to Dismiss First Amended Complaint (Doc. No. 19), filed on October 5, 2011 is **GRANTED IN PART**, without prejudice for the Defendants to renew their substantive arguments at a later appropriate stage in the proceeding;

3. Defendants Humana Insurance Company's and The Humana Medical Plan, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint and Incorporated Memorandum of Law (Doc. No. 22), filed on October 7, 2011 is **GRANTED IN PART**, without prejudice for the Defendants to renew their substantive arguments at a later appropriate stage in the proceeding;

4. Defendant Kevin M. McCarty's Motion to Dismiss First Amended Complaint and Memorandum of Law in Support Thereof (Doc. No. 25), filed on October 17, 2011 is **GRANTED IN PART**, without prejudice for the Defendants to renew their substantive arguments at a later appropriate stage in the proceeding;

5. Defendants Florida Department of Financial Services' and Chief Financial Officer Jeff Atwater's Request for Oral Argument on Motion to Dismiss (Doc. No. 39), filed on November 22, 2011 is **DENIED AS MOOT**;

6. Defendant Kevin M. McCarty's Request for Oral Argument on Motions to Dismiss (Doc. No. 40), filed on November 22, 2011 is **DENIED AS MOOT**;

7. Defendants Florida Department of Financial Services' and Chief Financial Officer Jeff Atwater's Request to Take Judicial Notice (Doc. No. 47), filed on December 2, 2011 is **GRANTED** for the limited purpose set forth herein;

8. Defendants Florida Department of Financial Services' and Chief Financial Officer Jeff Atwater's Request to be Excused From Mediation (Doc. No. 59), filed on January 23, 2012 is **DENIED AS MOOT**;

9. Defendant McCarty's Motion to be Relieved of the Obligation to Mediate (Doc. No. 63), filed on February 1, 2012 is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida on February 8, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record