**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**RAYMOND GIUSTINIANI, ROSE**
**HUKINS, and FLORIDA ASSOCIATION**
**OF THE DEAF, INC.,**

                **Plaintiffs,**

**-vs-**                                            **Case No.  3:11-cv-792-J-37MCR**

**FLORIDA DEPARTMENT OF INANCIAL**
**SERVICES, KEVIN M. MCCARTY,**
**Commissioner of Insurance for the**
**Office of Insurance Regulation, in his**
**official capacity,**
**HUMANA INSURANCE CO., and**
**HUMANA MEDICAL PLAN, INC.,**

                **Defendants.**
_____/

**ORDER**

This cause is before the Court on the following motions:

(1) Defendant FLORIDA DEPARTMENT OF FINANCIAL SERVICES' ("DFS") Motion to Dismiss Second Amended Complaint (Doc. No. 69), filed on February 3, 2012;

(2) Defendant Commissioner of Insurance for the OFFICE OF INSURANCE REGULATION's ("OIR") Motion to Dismiss Second Amended Complaint (Doc. No. 75), filed on March 6, 2012; and

(3) Defendants HUMANA INSURANCE CO. and HUMANA MEDICAL PLAN, INC.'s (collectively "Humana") Motion to Dismiss Second Amended Complaint (Doc. No. 79), filed on March 16, 2012.

Plaintiffs Rose Hukins ("Hukins"), Raymond Giustiniani ("Giustiniani"), and Florida Association of the Deaf, Inc. ("FAD") timely filed their responses. (*See generally* Doc. Nos. 78, 83, and 91.) After a careful review of the parties' submissions and the applicable law, the Court issues its ruling as set forth below.

## I. Factual Background[1]

Plaintiffs Hukins and Giustiniani are deaf individuals and customers of Humana through Medicare. (Doc. No. 67, ¶ 13-14, 64-66.) To avail themselves of the medical services covered by Humana, Hukins and Giustiniani must seek medical care from independent medical providers in the Humana network. (Doc. No. 67, ¶ 111.) Plaintiff FAD is a non-profit advocacy organization that represents deaf individuals in Florida, including Hukins and Giustiniani. (Doc. No. 67, ¶ 88.)

Plaintiffs allege that Defendants violated Titles II and III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") by failing to provide qualified American Sign Language ("ASL") interpreters and by failing to establish an ADA grievance procedure.[2] (Doc. No. 67, pp. 20-22.) In November 2010,

---

[1] The facts relevant to the present motions before the Court are derived from Plaintiff's Second Amended Complaint. (Doc. No. 67.) The Court does not vouch for these allegations, but it must accept them as true for the purposes of deciding Defendants' motions to dismiss.

[2] Plaintiffs' Section 504 claim is essentially the same as their ADA claim.

2

Hukins scheduled an appointment with a local doctor's office in the Humana network. (Doc. No. 67, ¶ 69.) This doctor's office informed Hukins that it did not provide qualified ASL interpreters. (Doc. No. 67, ¶ 69.) Similarly, there were five occasions since 2007 when Giustiniani's local doctor within the Humana network used unqualified ASL interpreters. (Doc. No. 67, ¶ 18.) Giustiniani made an appointment with another doctor in the Humana network in September 2009, but this doctor was also unable to provide qualified ASL interpreters. (Doc. No. 67, ¶ 24.)

Hukins and Giustiniani also encountered difficulty filing grievances with Humana, DFS, and OIR. Giustiniani filed a written complaint with Humana. (Doc. No. 67, ¶ 26.) Humana's response was slow, and it refused to disclose the results of its investigation to him. (Doc. No. 67, ¶ 29-31.) Hukins attempted to file a complaint with Humana through Video Relay Service ("VRS"),[3] but Humana refused to accept her grievance by VRS, even though it accepted grievances filed by phone. (Doc. No. 67, ¶ 73.) Giustiniani complained by letter to OIR, the government office that licenses Humana. (Doc. No. 67, ¶ 46.) OIR responded to Giustiniani's complaint and recommended that he contact the Department of Justice. (Doc. No. 67, Ex. E.) Both Hukins and Giustiniani complained by letter to DFS, the government department that supervises OIR. (Doc. No. 67, ¶ 46, 78.)

---

Discrimination claims of this kind are analyzed similarly under the two acts. *See Allmond v. Akal Sec., Inc.,* 558 F.3d 1312, 1316 n.3 (11th Cir. 2009) ("Because the same standards govern discrimination claims under the Rehabilitation Act and the ADA, we discuss those claims together and rely on cases construing those statutes interchangeably.").

[3] VRS is a service that allows deaf people to make phone calls. A deaf caller connects with a video phone to an ASL interpreter who transmits information between the deaf caller to a non-deaf caller.

DFS responded to Hukins' complaint and recommended that she contact the Department of Justice. (Doc. No. 67, ¶ 79.) DFS did not respond to Giustiniani's complaint. (Doc. No. 67, ¶ 51.)

Defendants move to dismiss on various grounds. DFS filed its Motion to Dismiss on March 2, 2012, on the grounds that Plaintiffs failed to state a claim and failed to join an indispensable party. (Doc. No. 69.) OIR filed its Motion to Dismiss on March 6, 2012, on the grounds that Plaintiffs failed to state a claim. (Doc. No. 75.) Humana filed its Motion to Dismiss on March 16, 2012, on the grounds that Plaintiffs failed to state a claim, failed to join an indispensable party, and lacked standing. (Doc. No. 79.) The Fourth Mediation Report (Doc. No. 108) indicates that all Plaintiffs resolved their claims against Humana, therefore Humana's motion to dismiss is moot, and the Court denies it as such.

## II. ANALYSIS

### A. Failure to State a Claim

#### 1. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

4

claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570).

In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted). The alleged facts in the complaint must be accepted as true and be construed in the light most favorable to the non-movant. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).

### 2. OIR and DFS's Motions to Dismiss for Failure to State a Claim

Plaintiffs argue that OIR and DFS violated Title II of the ADA, which regulates public entities. To state a claim for relief under Title II, a plaintiff must properly allege: "(1) that [s]he is a 'qualified individual with a disability;' (2) that [s]he was 'excluded from participation in or . . . denied the benefits of the services . . . of a public entity' or otherwise 'discriminated [against] by such entity;' (3) 'by reason of such disability.' " *Haddad v. Dudek*, 784 F. Supp. 2d 1308, 1321 (M.D. Fla. 2011) (quoting *Shotz*, 256 F.3d at 1079).

#### a. Grievance Procedure

First, Plaintiffs argue that both OIR and DFS violated Title II by failing to "provide a dedicated ADA grievance procedure for [Plaintiffs]." (Doc. No. 67, ¶ 122, 124.) Title 28 C.F.R. § 35.107(b) reads: "Complaint procedure. A public entity . . . shall adopt . . . grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part." Although there is no binding

authority on point, the courts that have addressed this issue agree that this regulation does not create a private right of action. *See, e.g., Ross v. City of Gatlinburg, Tenn.*, 327 F. Supp. 2d 834, 844 (E.D. Tenn. 2003) aff'd sub nom. *Ross v. City of Gatlinburg, Tennessee*, 113 Fed. Appx. 113 (6th Cir. 2004); *Duffy v. Freed*, 452 F. App'x 200, 202 (3d Cir. 2011). The Court agrees with these conclusions and finds that the regulation does not create a private right of action.

Plaintiffs cannot bring suit against the regulation; therefore, DFS and OIR's motions to dismiss for failure to state a claim on the grounds that failure to establish ADA grievance procedures violated the ADA (Doc. Nos. 69, 75) are **GRANTED**.

### b. Licensing Service

Second, Plaintiffs argue that OIR violated Title II by continuing to license Humana despite OIR's knowledge that Humana discriminated against deaf individuals. Title II prohibits public entities from discriminating in the administration of a licensing program, but it does not regulate the behavior of the licensees of public entities. 28 C.F.R. § 35.130(b)(6); *Tyler v. City of Manhattan*, 849 F. Supp. 1429, 1441 (D. Kan. 1994). Plaintiffs do not allege that they were denied a benefit by OIR, a public entity. Instead, they allege that they were denied a benefit by Humana, a licensee of a public entity. They seek to impute liability for Humana's discrimination to OIR. Since Plaintiffs proffer no reason why 28 C.F.R. § 35.130(b)(6) should not mean what it says, that public entities are not liable for discriminatory behavior by their licensees, Plaintiffs fail to state a claim against OIR.

In sum, Plaintiffs fail to state a claim against OIR; therefore OIR's motion to

dismiss for failure to state a claim on the ground that OIR violated the ADA by licensing Humana (Doc. No. 75) is **GRANTED**.

### B. Failure to Join an Indispensable Party

DFS argues that the Second Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failing to join as indispensable parties the independent medical providers from whom Plaintiffs sought treatment. Since Plaintiffs fail to state a claim against either DFS or OIR, resolution of this argument is not necessary to disposition of the case. However the Court addresses this issue out of an abundance of caution.

"Federal Rule of Civil Procedure 19 'provides a two-step test for determining whether an action should proceed' in the absence of a non-party." *United States v. Rigel Ships Agencies, Inc.*, 432 F.3d 1282, 1291 (11th Cir. 2005) (quoting *City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999)). The first step is determining "whether the person in question is one who should be joined if feasible. . . ." considering the "pragmatic concerns" enumerated in Rule 19(a). *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) (quoting *Smith v. State Farm Fire & Casualty Co.*, 633 F.2d 401, 405 (5th Cir. 1980)). "If the person should be joined but cannot be (because, for example, joinder would divest the [C]ourt of jurisdiction)," then the Court proceeds to the second step and inquires "whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (quoting *Challenge Homes*, 669 F.2d at 669).

7

Beginning with the first step, the Court considers the Rule 19(a) factors and inquires whether the independent medical providers are persons who should be joined if feasible. Considering subsection (a)(1)(A), the Court could have accorded complete relief among the existing parties without joining the independent medical providers. Plaintiffs requested that the Court order DFS and OIR to establish grievance procedures and order OIR to stop licensing Humana. The participation of the independent medical providers in the suit would not have been necessary for the Court to grant this relief. Similarly, considering subsection (a)(1)(B), the independent medical providers do not claim an interest relating to the subject of the action. Judgment for the Plaintiffs "would have no effect, practical or otherwise," on the interests of the independent medical providers. *Challenge Homes*, 669 F.2d at 671. Since the Rule 19(a) factors are not satisfied, the Court does not proceed to a Rule 19(b) analysis.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED**:

1. Defendants HUMANA INSURANCE CO. and HUMANA MEDICAL PLAN, INC.'s Motion to Dismiss Second Amended Complaint (Doc. No. 79), filed on March 16, 2012, is **DENIED** as moot in light of the settlement (Doc. No. 108). Pursuant to Local Rule 3.08(b) of the Middle District of Florida, it is **ORDERED** and **ADJUDGED** that this cause as to Defendants HUMANA INSURANCE CO. and HUMANA MEDICAL PLAN, INC. is hereby **DISMISSED** without prejudice subject to the right of any party to re-open the action within sixty (60) days, upon good cause shown; to submit a stipulated form of final order or judgment; or to file a joint motion pursuant to Fed. R. Civ. P. 41.

2.	Defendant OIR's Motion to Dismiss Second Amended Complaint (Doc. No. 75), filed on March 6, 2012, is **GRANTED**.

3.	Defendant DFS's Motion to Dismiss Second Amended Complaint (Doc. No. 69), filed on March 2, 2012, is **GRANTED**.

4.	The Clerk is directed to terminate all deadlines and close the case.

**DONE AND ORDERED** in Chambers, in Jacksonville, Florida, on June 12, 2011.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record